IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STOCKTON MORTGAGE CORPORATION, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 2:25-cv-02991-SHL-cgc |
| SHARHONDA JOHNSON, STEPHON JOHNSON, and the U.S. SECRETARY OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO SERVE PROCESS**

Before the Court is Plaintiff Stockton Mortgage Corporation's Motion for Extension of Time to Serve Process, filed February 20, 2026. (ECF No. 13.) The current deadline for service of process, January 28, 2026, has passed. (Id. at PageID 204.) On February 2, Stockton served Defendant U.S. Secretary of Housing and Urban Development ("HUD"), but it has still not served Defendants Sharhonda Johnson and Stephon Johnson. (Id.) On February 6, the Court issued show cause order. (ECF No. 9.) Stockton responded two weeks later, stating that it had been attempting to locate the Johnsons through a process server. (ECF No. 12 at PageID 201.) Because they appeared to have abandoned their mortgaged property, which is also the subject of the litigation, Stockton's process server conducted skip traces to find that they had likely separated and taken up new addresses within Memphis, Tennessee. (Id. at PageID 201–02.) Thus, in its Motion for Extension of Time, Stockton asserts that good cause exists to extend its deadline for service. (ECF No. 13 at PageID 205.) According to Stockton, its process server "is actively attempting to serve" the Defendants at their new addresses. (Id.)

Federal Rule of Civil Procedure 6(b)(1)(B) governs extensions of time sought after a deadline has run. So, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "Equitable factors to be considered in determining whether the neglect was excusable include the danger of prejudice to the other party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and the good faith of the party." Jeffries v. Emerson Indus. Automation, No. 14-cv-02431, 2014 WL 11456822, at *1 (W.D. Tenn. Sep. 17, 2014) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

On one hand, the fact that Stockton waited twenty-three days after the deadline to file this Motion weighs against finding excusable neglect. On the other hand, given that the Johnsons have not yet been served, there is little danger of prejudice to them. And, although the HUD Secretary has already answered the complaint (ECF No. 11), since Stockton is not seeking monetary damages from him, the risk of prejudice to the Secretary is also low. Finally, there is no suggestion that Stockton has not acted in good faith, in view of the challenge of locating the Johnsons. Stockton's neglect, therefore, was excusable.

For good cause shown, the Motion is **GRANTED**. The deadline to serve process is extended by sixty days to **March 30, 2026**. Stockton is cautioned that no further extensions will be granted.

**IT IS SO ORDERED**, this 24th day of February, 2026.

                                             s/ Sheryl H. Lipman
                                             SHERYL H. LIPMAN
                                             CHIEF UNITED STATES DISTRICT JUDGE