**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| STOCKTON MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHARHONDA JOHNSON, STEPHON JOHNSON, and the U.S. SECRETARY OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | No. 2:25-cv-02991-SHL-cgc |

**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO SERVE PROCESS, AND DISMISSING CLAIMS AGAINST STEPHON JOHNSON WITHOUT PREJUDICE**

Before the Court is Plaintiff Stockton Mortgage Corporation's Second Motion for Extension of Time to Serve Process, filed September 8, 2026. (ECF No. 29.) Stockton filed its complaint on October 30, 2025. (ECF No. 1.) No defendants appeared. No proof of service was filed within the ninety-day timeframe. Fed. R. Civ. P. 4(m). So, on February 6, 2026, the Court ordered Stockton to show cause. (ECF No. 9.) Two weeks later, Stockton responded and filed its first Motion for Extension of Time to Serve Process. (ECF Nos. 12; 13.) On February 24, the Court granted that Motion, cautioning that no further extensions would be granted, and ordering Stockton to serve Defendants Sharhonda Johnson and Stephon Johnson by March 30—a sixty-day extension. (ECF No. 15 at PageID 210.)

By March 25, no service of process had been filed. But Stockton filed a Suggestion of Bankruptcy as to Sharhonda Johnson on that day. (ECF No. 19.) Shortly thereafter, it filed a Motion to Stay, which the Court ultimately granted due to the automatic stay arising from the bankruptcy that prevented Stockton's service. (ECF Nos. 20–23.) The Court warned that it was

"prepared to dismiss the complaint without prejudice for lack of service if Stockton did not serve the Defendants." (ECF No. 20 at PageID 221–22.) Stockton was ordered to serve process by September 8, 2026, if the bankruptcy had concluded. (ECF No. 23 at PageID 233.) On July 8, Stockton notified the Court that the bankruptcy stay had terminated, and, on August 12, the Court granted its Motion to Lift Stay, warning again that if Stockton did not serve the Johnsons by September 8, 2026, the case would be dismissed without prejudice. (ECF Nos. 24; 27.)

Sharhonda Johnson was served on July 27. (ECF No. 29 at PageID 251.) But eleven months and multiple warnings later, Stockton still has not served Stephon Johnson. Instead, it moves the Court for another extension to serve process, contending that good cause exists under Federal Rule of Civil Procedure 4(m) because "Defendant Stephon Johnson [is] intentionally evading service of process." (ECF No. 29 at PageID 253.) In its Motion, Stockton details its arduous journey to attempt service on Stephon Johnson, explaining that Johnson likely "lied about [his] identity" when the process server visited the address where he has been believed to reside since March. (Id.) Stockton also cites the bankruptcy stay as good cause to grant his current motion for an extension. (Id.) However, even factoring in the stay, Stockton had months to perfect service, and never did so.

The Court repeatedly warned that no further extensions would be granted, and if Stockton did not serve the defendants, this case would be dismissed without prejudice. Consequently, the Second Motion for Extension of Time to Serve Process is **DENIED**, and Stockton's claims as to Stephon Johnson are **DISMISSED** without prejudice.

**IT IS SO ORDERED,** this 11th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE